IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD WEEDEN, | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil No. 24-01229-BAH |
| LIBERTY MUTUAL GENERAL INSURANCE COMPANY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Richard Weeden ("Plaintiff" of "Weeden") brought suit against Liberty Mutual General Insurance Company ("Defendant" or "Liberty") alleging that Liberty is liable for breach of contract and failing to act in good faith in handling his insurance claim. ECF 1 (complaint). Pending before the Court are two motions: Defendant's Partial Motion to Dismiss (the "Defendant's Motion"), ECF 8, and Plaintiff's Motion to Compel Appraisal and Stay Litigation Pending Appraisal (the "Plaintiff's Motion"), ECF 10. Both parties filed oppositions, ECF 12 (Plaintiff's opposition to dismissal) and ECF 15 (Defendant's opposition to appraisal). Both parties also filed replies, ECF 16 (Defendant's reply for dismissal) and ECF 17 (Plaintiff's reply for appraisal). Defendant's Motion for Partial Dismissal, Plaintiff's Motion to Compel Appraisal, Plaintiff's opposition to partial dismissal, Defendant's opposition to appraisal, and Plaintiff's reply in support of his motion to compel contain exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

reasons stated below, the Defendant's Motion is **DENIED** and Plaintiff's Motion is **DENIED** without prejudice.

## I. BACKGROUND

### A. Factual Allegations

In this insurance coverage dispute, Plaintiff has a homeowners' insurance policy with Liberty (the "Policy") which covers his residence located in Accokeek, Maryland (the "Property"). ECF 1 (complaint), at 2 ¶ 7; *see* ECF 10-1 (policy). The Policy promised to indemnify Plaintiff for covered losses to Plaintiff's property. ECF 1, at 2 ¶ 10.

On May 26, 2021, a storm caused damage to Plaintiff's property and Plaintiff made a claim under his policy. *Id.* at ¶ 12. Liberty inspected the damage and issued payment for the loss. *Id.* ¶¶ 14–15. Unhappy with Liberty's inspection and alleged underpayment, Plaintiff hired public adjuster Semper Fi Public Adjusters LLC ("Semper Fi") to evaluate his claim. *Id.* ¶ 16. Semper Fi conducted its own inspection of the Property and found damage to the home's roof that "could not be repaired and needed to be replaced." *Id.* ¶ 17. On June 2, 2021, Semper Fi submitted to Liberty an estimate totaling $217,409.49. *Id.* ¶¶ 19, 25.

Liberty rejected Semper Fi's estimate and proposal and, Plaintiff alleges, considered only the evidence of its own investigators before paying Plaintiff under his policy. *Id.* ¶¶ 19, 21. In response, Plaintiff filed an administrative complaint with the Maryland Insurance Administration ("MIA") alleging that Liberty's refusal to pay Semper Fi's estimate was a breach of contract and lack of good faith. *Id.* at 3 ¶ 26. On August 15, 2022, MIA denied Plaintiff's requested relief. *See id.*; ECF 8-2 (MIA decision). Plaintiff did not appeal the MIA decision, but instead filed this action.

### B. Procedural History

Plaintiff filed the Complaint on April 26, 2024, alleging two counts: breach of contract, specifically a breach of the Policy (Count I), and a "failure to settle claims in good faith," in violation of Maryland Code, § 3-1701 of the Courts and Judicial Proceedings ("CJP") Article (Count II). ECF 1. On June 20, 2024, Liberty answered as to Count I, ECF 7, and filed the instant partial motion to dismiss Count II. ECF 8. The same day, Plaintiff filed the instant motion to compel appraisal and stay litigation pending appraisal. ECFs 10 & 11. Each side filed oppositions and replies. ECFs 12, 15, 16, 17. As such, both motions are now ripe for review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

The Court may consider "documents attached to the complaint, 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (quoting *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted).

### III. ANALYSIS

#### A. Defendant's Motion

Weeden's complaint asserts a breach of contract claim (Count I) and a failure to settle claims in good faith claim (Count II). *See* ECF 1. Defendant moves to dismiss only Count II. In Count II, Plaintiff alleges that Liberty is liable for failing to act in good faith in handling his claim under the Policy. ECF 1, at 4–5. Plaintiff accuses Liberty of rejecting Semper Fi's estimate "without reasonable explanation." *Id.* at 3 ¶ 19. Plaintiff says Liberty "has not formed judgments supported by the evidence, or based on honesty and diligence," *id.* at 5 ¶ 38, and has further "made false representations in substantiation of positions made arbitrarily and capriciously, without reasonable support by the evidence, or with the diligence to have sought the information requisite to form the basis of such decisions." *Id.* ¶ 39.

"Maryland provides a special cause of action for lack of good faith by a property, casualty, or individual disability insurer in handling claims under insurance policies issued, sold, or delivered in Maryland." *Barry v. Nationwide Mut. Ins. Co.*, 298 F. Supp. 3d 826, 829–30 (D. Md. 2018) (citing CJP § 3-1701(b)). "Such a suit (1) must be used to determine coverage and/or entitlement to payment, (2) must allege that the insurer failed to act in good faith, and (3) may seek actual damages under the policy, expenses and litigation costs, and interest on expenses and

4

litigation costs." *All Class Constr., LLC v. Mut. Ben. Ins. Co.*, 3 F. Supp. 3d 409, 415 (D. Md. 2014) (citing CJP § 3-1701(d)). "Good faith" is defined in the statute as "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on the claim." CJP § 3-1701(a)(5). "But the statute negates any claim of failure to act in good faith 'solely on the basis of delay in determining coverage or the extent of payment to which the insured is entitled if the insurer acted within the time period specified by statute or regulation for investigation of a claim by an insurer.'" *All Class Constr., LLC*, 3 F. Supp. 3d at 415 (quoting CJP § 3-1701(f)).

Whether an insurer acted with sufficient "honesty and diligence" and thus in good faith is evaluated in light of the totality of the circumstances, including considerations of:

> (1) efforts or measures taken by the insurer to resolve the coverage dispute promptly or in such a way as to limit any potential prejudice to the insureds; (2) the substance of the coverage dispute or the weight of legal authority on the coverage issue; and (3) the insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage.

*Barry*, 298 F. Supp. 3d at 830 (internal quotations and alterations omitted). "An improper denial of coverage alone does not show a lack of good faith." *Charter Oak Fire Co. v. Am. Cap., Ltd.*, Civ. No. DKC-09-0100, 2016 WL 827380, at *15 (D. Md. Mar. 3, 2016) (citing *All Class Constr.*, 3 F. Supp. 3d at 418), *aff'd*, 760 F. App'x 224 (4th Cir. 2019). Moreover, "[a]n insured must prove that an insurer breached the contract in order to bring a lack of good faith claim" but must also "prove more than simply breach of contract to prevail." *Barry*, 298 F. Supp. 3d at 830 (citing *Cecilia Schwaber Trust Two v. Hartford Accident & Indem. Co.*, 636 F. Supp. 2d 481, 488 n.6 (D. Md. 2009); *Bierman Family Farm, LLC v. United Farm Family Ins. Co.*, 265 F. Supp. 3d 633, 638 (D. Md. 2017)).

5

Plaintiff acknowledges that, at least initially, Liberty conducted a timely inspection of the property. ECF 1, at 2 ¶ 14. On this basis, Defendant argues that the Complaint cannot allege that Defendant failed to timely adjust the claim because Liberty didn't breach its statutory or regulatory obligations surrounding diligence. ECF 16, at 3. This would be true if Weeden alleged lack of good faith "solely on the basis of delay." *See All Class Constr., LLC*, 3 F. Supp. 3d at 415 (quoting CJP § 3-1701(f)). However, Plaintiff instead asserts that Defendant lacked good faith when it wholesale rejected Semper Fi's inspection and estimate without "meaningful explanation" and then "refused to negotiate." ECF 1, at 3 ¶¶ 21–25. Moreover, the amount in dispute is significant, over $200,000. *Id.* ¶ 25. These factual allegations, which may later be controverted, support an inference that Liberty did not act "in such a way as to limit any potential prejudice to the insured[]" and did not act with sufficient "diligence and thoroughness in investigating the facts specifically pertinent to coverage." *Barry*, 298 F. Supp. 3d at 830.

Liberty also claims that it "made every effort to obtain the information related to the loss in its investigation of the claim, including having an onsite inspection of damage conducted to evaluate Semper Fi's claim." ECF 8-1 (Defendant's Motion), at 8 (citing ECF 1, at 3 ¶ 21). But paragraph 21 of the complaint provides, "Defendant refused to consider any evidence submitted by Semper Fi, and relied solely on the evidence of its own inspectors." ECF 1, at 3 ¶ 21. Reading this allegation in the light most favorable to Plaintiff, it does not support an inference that Liberty made any effort to evaluate Semper Fi's claim.[2]

---

[2] Liberty's position on this argument appears to be substantiated by the MIA decision attached to its partial motion to dismiss. *See* ECF 8-2 (MIA decision). Liberty does not argue that the Court should consider the MIA decision on its motion to dismiss, and the MIA decision is, in fact, not before this Court for purposes of this motion. *See Thompson v. State Farm Mut. Auto. Ins. Co.*, 9 A.3d 112, 121 (Md. Ct. Spec. App. 2010) (stating that MIA decision is a "nullity once [an insured] has filed her civil action under . . . § 3-1701"); *see also Fakhoury v. Great N. Ins. Co.*, Civ. No. WDQ-12-0268, 2012 WL 1554487, at *3 (D. Md. Apr. 30, 2012) (refusing to consider MIA record

For these reasons, the allegations are sufficient to state a plausible claim for relief under Maryland's law requiring good faith in relation to a claim under a property insurance policy. Defendant's Motion is denied.

### B.     Plaintiff's Motion

Weeden moves to compel an appraisal of his property under the appraisal provision of the Policy, which states:

> **6. Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
> Each party will:
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraiser and umpire equally.

ECF 10-1, at 21 (the Policy). Liberty does not dispute that there is a valid and binding appraisal provision, but argues that this case involves issues surrounding coverage that are not appraisable and that Weeden waived his contractual right to appraisal by electing to pursue litigation. ECF 15.

"In regard to state law claims under diversity jurisdiction, federal courts apply federal procedural law and the substantive law of the state in which the proceeding is brought." *TransAmerica Premier Life Ins. Co. v. Selman & Co.*, 401 F. Supp. 3d 576, 590 (D. Md. 2019). In contract claims, Maryland courts apply the substantive law of the state in which the contract

---

on motion to dismiss arguing that plaintiff failed to preserve claim good faith claim before the MIA). At bottom, the complaint, standing alone, must survive the pleading stage.

7

was formed unless a choice of law provision in the contract instructs otherwise. *Id.* (citing *Erie Ins. Exch. v. Heffernan*, 925 A.2d 636, 648–49 (Md. 2007)). Maryland law treats a contractual right to appraisal as analogous to a contractual right to arbitration. *See Aetna Cas. & Sur. Co. v. Ins. Comm'r*, 445 A.2d 14, 20 (Md. 1982) ("[N]otwithstanding the distinctions between an appraisal under an insurance policy appraisal clause and arbitration, appraisal is analogous to arbitration.")

Although the Federal Arbitration Act ("FAA") usually preempts state laws regarding arbitration agreements, state arbitration law governs—and the FAA has no preemptive effect—if the state law provides for enforcement of arbitration agreements. *Gray v. Phila. Contributionship*, Civ. No. JKB-24-987, --- F. Supp. 3d ----, 2024 WL 4170791, at *3 (D. Md. Sept. 12, 2024); *see also* 9 U.S.C. § 1 et seq.; *Minnieland Priv. Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co.*, 867 F.3d 449, 456 (4th Cir. 2017). The Maryland Uniform Arbitration Act ("MUAA"), Md. Code Ann., Cts. & Jud. Proc. § 3-201 et seq., explicitly allows enforcement of arbitration agreements. *Id.* § 3-206(1)(b)(1). As such, the substantive law of Maryland, the MUAA, and federal procedural law govern this action. *See Gray*, 2024 WL 4170791, at *3. On a motion to compel arbitration, the Court may consider evidence outside the pleadings and documents integral to the pleadings and evaluate the motion under Rule 56. *See id.*

Liberty argues that this is a coverage case, not subject to appraisal. ECF 15-1, at 4. The Court agrees that a "coverage dispute is not the proper subject of appraisal." *Lawanson v. Nationwide Ins. Co.*, Civ. No. 23-806-BAH, 2025 WL 592843, at *8 (D. Md. Feb. 24, 2025) (citing *New Hope Church of God Waldorf v. Brotherhood Mut. Ins.*, Civ No. MJM-23-2341, 2024 WL 3638031, at *2 (D. Md. Aug. 2, 2024)). With that in mind, Liberty, relying on the prior MIA decision, provides more facts surrounding Plaintiff's claim; namely, that the Semper Fi estimate

included "additional items" not *covered* by the policy, including "general demolition" and a "public adjuster's fee" of $35,847.32. ECF 15-1, at 2 (citing ECF 15-3, at 5). Moreover, the MIA decision plainly summarized Plaintiff's position as "simply contend[ing] that Defendant is incorrect in stating that it only owes for 'direct physical loss' under the Policy." ECF 15-3, at 6. It held that "Plaintiff has failed to establish that he is entitled to additional coverage for the Claim under the Policy," *id.* at 4, and further determined that Plaintiff failed to reference "any provision of the Policy that would require Defendant to provide coverage for additional repairs not resulting from direct loss to property . . . ." *Id.* at 7. Since the Court may consider the MIA decision in deciding whether to compel appraisal, *see Gray*, 2024 WL 4170791, at * 3, "it is evident that the parties' dispute is about more than the value of covered loss; it is whether the remainder of [Plaintiff's] claimed loss is covered at all." *Jones v. Nationwide Mut. Fire Ins. Co.*, Civ. No. 23-2340-DKC, 2024 WL 4534510, at *3 (D. Md. Oct. 21, 2024).[3] As such, an appraisal is premature at this time and the motion to compel appraisal is denied without prejudice.[4]

---

[3] Plaintiff did not object to Liberty's inclusion of the MIA decision in its opposition to Plaintiff's Motion and, in fact, referenced facts from the MIA decision in his reply. *See* ECF 17, at 3 (referencing supplemental payments made by Liberty).

[4] Given the finding that the instant dispute is one about coverage, not loss amount, the Court need not reach the question of whether Plaintiff waived his right to an appraisal. However, the Court notes that despite Plaintiff's contrary position, *see* ECF 17, at 4, there appears to be no requirement that the party asserting waiver show prejudice after *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418–19 (2022). *See, e.g., Blitz v. USAA Gen. Indem. Co.*, Civ. No. RDB-24-1070, 2024 WL 4815980, at *5 (D. Md. Nov. 18, 2024) (applying *Morgan v. Sundance* in appraisal context); *Hovnanian Land Inv. Grp. v. Annapolis Towne Ctr. at Parole, LLC*, 25 A.3d 967, 983 (Md. 2011) (stating that under Maryland law, waiver of a contractual right, including waiver of a right to appraisal, does not require any showing of actual prejudice).

9

## IV. CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss (the "Defendant's Motion"), ECF 8, is **DENIED** and Plaintiff's Motion to Compel Appraisal and Stay Litigation Pending Appraisal (the "Plaintiff's Motion"), ECF 10, is **DENIED** without prejudice.

A separate implementing Order will issue.

Dated: March 4, 2025

/s/
Brendan A. Hurson
United States District Judge